19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Barbara Ann MCDONALD, Appellant.
 No. 93-3149.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1994.
Filed: March 23, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Barbara Ann McDonald appeals her sentence of 170 months imposed by the district court[1] after McDonald pleaded guilty to conspiracy to possess with intent to distribute heroin. We affirm.
 
 
 2
 McDonald, pursuant to a plea agreement with the government, pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B), and 846. McDonald stipulated in the plea agreement that she conspired with others to possess with intent to distribute and to distribute more than 400 grams of heroin; that on four separate occasions she traveled to California to purchase heroin; that she induced others to make similar trips to purchase heroin for her; that she paid one of the conspirators, Gregory Lee Bauer, three grams of heroin for each ounce of heroin that he obtained for her; and that in January 1992 she gave Bauer nine grams of heroin. The parties agreed that McDonald's conduct resulted in a base offense level of 28 (between 400 and 700 grams of heroin) and that her Guidelines range should be 135-168 months. They also agreed, however, that the plea agreement was not binding on the court, and McDonald could not withdraw her guilty plea if the court sentenced her above that range, but the government could withdraw if the court sentenced her below 151 months.
 
 
 3
 At sentencing, McDonald's counsel noted that the PSR indicated a Guidelines range of 135-168 months, and requested the court to sentence McDonald near the bottom of that range. She did not object to any of the facts in the PSR. The government argued that McDonald should be sentenced between 151 and 168 months. The district court, however, determined from evidence heard at sentencings of other participants in the same conspiracy that McDonald was responsible for at least 700 grams of heroin, because she was directly involved in the purchase of approximately 600 grams of heroin on her trips to California with Bauer, and she induced her mother to go to California with Bauer and purchase approximately 150 grams of heroin. The court sentenced McDonald to 170 months imprisonment, to be followed by an eight-year term of supervised release.
 
 
 4
 McDonald now argues that she was denied due process because the district court failed to adequately identify the factual basis for its conclusion that she was responsible for at least 700 grams of heroin.[2]
 
 
 5
 We conclude that McDonald's argument lack merit, and that the district court's drug quantity determination is fully supported by facts set forth in the PSR. For instance, the PSR indicates that Bauer told police officers that "he made a total of 14 trips" to California (eight or nine of them with McDonald and the remainder with McDonald's co-conspirators), and that he purchased six ounces of heroin on each trip, half of which was given to McDonald. Giving McDonald every benefit of the doubt with respect to this testimony, the district court could have determined she was responsible for 680 .4 grams (8 trips X 3 ounces X 28.35 grams/ounce). (PSR at p 19.) In her plea agreement, McDonald admitted that her husband and her mother each made a trip to California with Bauer to obtain heroin for her, making her responsible for an additional 170 grams (2 trips X 3 ounces X 28.35 grams/ounce). As a result, McDonald was responsible for at least 850 grams of heroin. Given the nature of the conspiracy the district court could have attributed to her all six ounces purchased by Bauer on each trip to California (8 trips X 6 ounces X 28.35 grams/ounce = 1360.8 grams) and further increased her base offense level and Guidelines range.
 
 
 6
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 Alternatively, McDonald argues that she should be permitted to withdraw her guilty plea because the district court did not follow the plea agreement, the government's recommendations, and the probation office's recommendations with respect to sentencing. We conclude that this argument lacks merit because McDonald recognized in the plea agreement that the district court was not bound by it when determining her sentence. See United States v. Mahler, 984 F.2d 899, 902 (8th Cir. 1993)